UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| JOHN CORDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:21-CV-00315-DCLC-DCP |
| v. | ) | |
| | ) | |
| HAMILTON COUNTY, TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Motion to Quash Post-Judgment Discovery and for Order Declaring Judgment Satisfied [Doc. 136] filed by Defendant, Hamilton County, Tennessee (the "County"). Plaintiff, John Cordell, filed a Response in Opposition. [Doc. 137]. The matter is now ripe for adjudication. Furthermore, on page 10 its Response [*Id.*], Plaintiff attempts to bring an additional motion and seeks various forms of relief. [*Id.*]. These requests are addressed herein.

A judgment creditor, "[i]n aid of the judgment or execution," "may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules of Civil Procedure]." Fed. R. Civ. P. 69(a)(2). The scope of discovery under Rule 69 is "very broad," *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (citations omitted), and "[t]he judgment creditor may use any means of discovery allowable under the federal or state discovery rules." *United States v. Thomas*, No. 4-cv-49, 2017 WL 571506, at *1 (E.D. Tenn. Feb. 13, 2017). Here, Plaintiff's discovery requests to the County appear to be within the permissible scope of Rule 69. The County's motion to quash post-judgment discovery is **DENIED**.

The County also seeks a declaration that the judgment against the County is satisfied in full because it paid a total of $75,000 in damages to Plaintiff pursuant to the Order [Doc. 133]

entered on September 3, 2024. The County contends that it was only found liable upon a theory of vicarious liability under Tenn. Code Ann. §8-8-302 and thus is not liable for the $107,775.00 in attorneys' fees and $5,412.73 in litigation costs pursuant to the Order [Doc. 134] entered on September 25, 2024. The County, however, fails to support its contention that vicarious liability is somehow distinct from direct liability in the recovery of attorneys' fees and costs under 42 U.S.C. § 1988(b). Tenn. Code Ann. §8-8-302 provides that "[a]nyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office." The County cites to no authority that Tenn. Code Ann. §8-8-302, allowing for the recovery of "any . . . expense" excludes attorneys' fee awards under 42 U.S.C. § 1988(b). Accordingly, the County's motion for an order declaring judgment satisfied [Doc. 136] is **DENIED WITHOUT PREJUDICE**.

Buried in its Response, Plaintiff requests that the Court compel discovery and seeks various sanctions against the County. Understandably, the County has not responded to these requests for relief as it is not procedurally proper to hide a motion, as Plaintiff has done here, at page 10 of its Response. [Doc. 137]. Therefore, Plaintiff's motion is not ripe for adjudication. If Plaintiff wishes to pursue these forms of relief, it is directed to file a separate motion. To the extent Plaintiff has made a motion in its Response [*Id.*], it is **DENIED WITHOUT PREJUDICE**.

SO ORDERED:

                          s/Clifton L. Corker
                          United States District Judge